# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**PERRY PATTON**                                                         **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 3:10-cv-27-HTW-LRA**

**M.D.O.C.**                                                                   **RESPONDENT**

## MEMORANDUM OPINION

Petitioner filed this request for habeas corpus relief pursuant to 28 U.S.C. § 2254. On February 1, 2010, this Court entered an Order [4] that directed Petitioner to file a written response, on or before February 16, 2010, to specifically state if he is currently incarcerated in a prison or detention facility. The Order [4] warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition. On February 10, 2010, the envelope [5] containing this Order [4] was returned by the postal service with the notation "return to sender, no mail receptacle, unable to forward." As such, Petitioner failed to comply with this Order.

On March 4, 2010, an Order [6] was entered directing Petitioner to show cause, on or before March 18, 2010, why this case should not be dismissed for his failure to comply with the Court's February 1, 2010 order. In addition, Petitioner was directed to comply with the Order [4] of February 1, 2010, by filing his written response on or before March 18, 2010. The Order to Show Cause [6] warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead

to the dismissal of his Petition without further notice.  On March 15, 2010, the envelope [7] containing this Order to Show Cause [6] was returned by the postal service with the notation "return to sender, no mail receptacle, unable to forward."  Needless to say, Petitioner failed to comply with this Order.

Since Petitioner is proceeding *pro se*, he was provided one additional opportunity to comply with the Court's orders prior to summary dismissal.  On April 5, 2010, a Second Order to Show Cause [8] was entered directing Petitioner to show cause, on or before April 26, 2010, why this case should not be dismissed for his failure to comply with the Court's Orders [4, 6] of February 1, 2010, and March 4, 2010.  In addition, Petitioner was directed to comply with the Order [4] of February 1, 2010, by filing his written response on or before April 26, 2010.  The Second Order to Show Cause [8] also warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition without further notice.  On April 21, 2010, the envelope [9] containing the Second Order to Show Cause [8] was returned by the postal service with the notation "return to sender, no mail receptacle, unable to forward."

Petitioner has failed to keep this Court informed of his current address and he has failed to comply with three Court orders.  In addition, Petitioner has not contacted this Court since January 14, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally*

*Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondent has not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 17th day of May, 2010.

                               s/ HENRY T. WINGATE
                               CHIEF JUDGE
                               UNITED STATES DISTRICT COURT